# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**KERRICK DESHAUN HUGHES**                                                       **PETITIONER**

**v.**                                                     **No. 3:16CV265-MPM-JMV**

**WARDEN L. SHULTS**                                                          **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kerrick Deshaun Hughes for a writ of *habeas corpus* under 28 U.S.C. § 2241. Having reviewed the petition and accompanying documents, the court finds that it is without merit and will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar

as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id.*

Relief under § 2241 is available to a prisoner in five situations, when:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). Section 2241 provides a remedy for federal prisoners, such as the petitioner, in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29. Mr. Hughes has challenged the execution of his sentence, as he believes that it has been improperly calculated.

**Facts and Procedural Posture**

On July 9, 2010, the petitioner was arrested by Mississippi authorities on charges of:

(1) Fleeing law enforcement (Case No. FC10-00172);

(2) Felon in possession of a firearm (Case No. FC10-00173);

(3) Possession of a stolen firearm (Case No. FC10-00174);

(4) Possession of marijuana in a vehicle (Case No. MC10-01109); and

(5) Violating the terms of his probation (Panola County Case Nos. CR2004-136 and CR2005-31). On January 26, 2011, Hughes' probation was revoked in Panola County Case Nos. CR2004-136 and CR2005-31, and the state court imposed a sentence of 5 years' imprisonment. On January 27, 2011, Hughes was indicted in the United States District Court for the Northern District of Mississippi for possession of cocaine base with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime in *United States v. Hughes*, 2:10CR160-019 (N.D. Miss.) On January 28, 2011, a warrant for Hughes' arrest on the federal charges issued.

On February 24, 2011, while still in Mississippi custody, the Northern District of Mississippi issued a writ of *habeas corpus ad prosequendum* to secure Hughes' presence at his federal criminal trial. He was sentenced in federal court on December 19, 2012, on the federal charges to 107 months incarceration. He was returned to state custody on January 28, 2013, and the United States Marshal Service filed a detainer with Mississippi authorities to ensure that the Mississippi Department of Corrections would hold him when he completed his state sentence for transfer to the United States Bureau of Prisons to serve his federal sentence. Mr. Hughes completed his sentence on the Mississippi charges on June 13, 2014, and he began serving his federal sentence that day, when was turned over to federal authorities. According to the Mississippi Department of Corrections records Mr. Hughes provided, he commenced serving his state sentence on July 9, 2010, and he completed that sentence on June 13, 2014, which includes the period he spent in federal custody on the writ of *habeas corpus ad prosequendum*.

## Discussion

Mr. Hughes argues that he served part of his federal sentence during the time he was in the physical custody of the United States Marshal Service during the pendency of his federal criminal proceedings, which he alleges to be from February 16, 2011, through January 29, 2013. The petitioner was serving a state sentence when his federal prosecution began. He argues that he began serving his federal sentence when he was taken into custody for federal prosecution under a writ of *habeas corpus ad prosequendum*. He argues further that he stopped serving his federal sentence when he returned to serve his state sentence, then resumed serving his federal sentence at the expiration of his state sentence. He is mistaken, as the state merely "loaned" him to federal authorities so that he could be prosecuted. He was serving his state sentence during his federal prosecution.

The law governing when a federal criminal term of incarceration begins, including how to calculate credit for prior custody, may be found in 18 U.S.C. § 3585, which states:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585. In the Fifth Circuit has made clear that an inmate in federal custody on a writ of *habeas corpus* ad prosequendum from state custody *remains in state custody*:

> [I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings

or the federal sentence if the federal government wishes to execute it immediately. *Bullock v. State of Mississippi*, 404 F.2d 75 (5th Cir. 1968); *Zerbst v. McPike*, 97 F.2d 253 (5th Cir. 1938). A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *United States v. Kipp*, 232 F.2d 147 (7th Cir. 1956)[.]

*Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). The United States District Court for the Northern District of New York has discussed this issue in detail:

> Generally a defendant transferred via a writ of habeas corpus ad prosequendum is under the temporary custody of the receiving state. However, this is not always the case. For the purposes of Title 18, United States Code, Section 3585(b), which is the applicable section governing the terms under which credit for prior custody shall be given, the receiving state gains no custody if the individual is produced pursuant to a writ of habeas corpus ad prosequendum. *Flick v. Blevins,* 887 F.2d 778, 781–82 (7th Cir.1989), *cert. denied,* 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990). Rather, the defendant is deemed only to be "on loan" from the sending state. *Crawford v. Jackson,* 589 F.2d 693, 695 (D.C.Cir.1978), *cert. denied,* 441 U.S. 934, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979); *Thomas v. Brewer,* 923 F.2d 1361, 1367 (9th Cir. 1991).
>
> Thus, although Miller was under federal control for two years at the Missouri Federal Medical Center, for the purposes of § 3585 he was not under federal custody. *Thomas v. Whalen,* 962 F.2d 358, 360–61 (4th Cir. 1992). Therefore, § 3585 is inapplicable to this petition and this court need not afford any credit. This is because under § 3585, a federal sentence does not commence " '... until the United States obtains custody enabling it and entitling it to enforce the sentence.' " *Crawford,* 589 F.2d at 695 (quoting *Application of Nelson,* 434 F.2d 748, 750 (1970), *vacated on other grounds,* 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d 428 (1971)).

*Miller v. United States*, 826 F. Supp. 636, 638 (N.D.N.Y. 1993).

In this case, the petitioner was already serving a state sentence for his Mississippi convictions when federal authorities initiated the criminal prosecution against him. The federal writ of *habeas corpus ad prosequendum* merely moved his physical custody from state authorities to the United States Marshal Service; he remained in the legal custody of Mississippi authorities – and continued serving his Mississippi sentence. According to the documents Mr. Hughes provided with his petition, his *Mississippi* sentence began on July 9, 2010, and expired on June 18, 2014. He was moved to the

physical custody United States Marshal Service on February 24, 2011, through a writ of *habeas corpus ad prosequendum*, *which left his legal custody with the State of Mississippi*, as he was merely "on loan" from Mississippi authorities to federal authorities. *See Miller, supra*. He was returned to the physical custody of the State of Mississippi on January 28, 2013. His legal custody remained with the State of Mississippi until June 18, 2014, when he was turned over to federal authorities. Thus, Mr. Hughes continued serving his Mississippi sentence throughout his federal prosecution. He began serving his federal sentence on June 18, 2014, the day his state sentence expired. The documents Mr. Hughes provided the court in support of his petition bear this out. Section 3585 makes clear that a federal inmate may only receive credit for prior custody "that has not been credited against another sentence." In this case, his custody during the relevant time period was credited towards his state sentence; as such, it cannot also be credited towards his federal sentence. Federal authorities explained this to Mr. Hughes during the grievance process. Doc. 1 at 7.

Mr. Hughes argues that 18 U.S.C. § 3624(b) alters the definition of a "term of imprisonment" under § 3585(a), which states that a term of imprisonment "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Hughes' reliance on § 3624 is misplaced, as that Code section is entitled, "Release of a prisoner," and takes into account weekends, holidays, credit for good behavior during incarceration, transition back into the community, and other matters specific to a federal inmate's release. 18 U.S.C. § 3624. That section does not, however, have any bearing on the determination of when a federal inmate's sentence *begins*. Thus, Mr. Hughes' claims under 28 U.S.C. § 2241 are without merit and will be denied.

**Conclusion**

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied.

A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27th day of February, 2018.

        **/s/ MICHAEL P. MILLS**
        **UNITED STATES DISTRICT JUDGE**
        **NORTHERN DISTRICT OF MISSISSIPPI**